UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL TIJERINO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-7391** |
| **GREGORY J. MILLER, MILLER, HAMPTON & HILGENDORF AND GREGORY J. MILLER ATTORNEY AT LAW, LLC.** | **SECTION: "M" (4)** |

## ORDER AND REASONS

Plaintiff Manuel Tijerino ("Tijerino") files a **Motion for Appointment of Counsel (R. Doc. 44)** requesting appointment of counsel.

### I.    Factual Summary

Tijerino, a former IT Manger for Tulane University Medical Center and a current resident of Iowa[1], originally retained a lawyer to file suit challenging his termination and contending that his employer violated his protections available under the FMLA. R. Doc. 3 at 1. According to the underlying suit, Tijerino was hired in 2017 and required to relocate from Iowa to Louisiana to begin his in-office employment. *Tijerino v. Administrators of the Tulane Educational Fund*, No. 21-907, R. Doc. 40 at 1.

However, Tijerino's wife became pregnant in 2018. *Tijerino*, No. 21-907, R. Doc. 40 at 1. In January 2019, Tijerino requested permission to work remotely part time to be with his wife in Iowa and was approved to work remotely on certain pre-approved Thursdays and Fridays. *Id*. at 1-2. On April 30, 2019, as the birth of his child became imminent, Tijerino told his supervisor that he would begin working remotely full-time going forward. *Id.* On May 6, 2019, Tijerino was

---

[1] The Court notes that on November 29, 2024, Tijerino filed a Notice of Change of Address indicating that he lived in Gretna, Louisiana. R. Doc. 46. However, at the time Tijerino filed his Complaint in this matter, based on diversity jurisdiction, he indicated that he was a resident of Iowa. R. Doc. 3 at 9. Tijerino also indicated that he was a resident of Iowa in the underlying suit against his employer and other lawsuits filed in this district. See *Tijerino v. Administrators of the Tulane Educational Fund*, No. 21-907, R. Doc. 1 at 2. See also *Tijerino v. GATR Truck Center et al*, No. 24-947, R. Doc. 1 at 6.

notified of his termination. *Id.* On May 6, 2021, Tijerino sued his employer, alleging that they did not provide him with notice of his right to Family Medical Leave ("FMLA") and terminated him in retaliation for using FMLA leave. *Id*. *Tijerino*, No. 21-907, R. Doc. 1.

The underlying employment lawsuit was dismissed by the Court and now Tijerino seeks to sue his former attorney, Gregory Miller ("Miller"), for legal malpractice, a state law claim. R. Doc. 3. Miller is an attorney who resides in Baton Rouge, not New Orleans. *Id.* at 7. In the Complaint, Tijerino alleges that his attorney failed to provide proper legal representation which resulted in a dismissal of his claim via a Summary Judgment. *Id.* The claim was dismissed on December 6, 2022. *Tijerino*, No. 21-907, R. Doc. 41. Tijerino filed the subject lawsuit on December 27, 2023, one year and twenty-one days after the dismissal of the claim. R. Doc. 3.

Tijerino alleges that his attorney failed to submit a timely Motion for Reconsideration regarding his right to use FMLA for prenatal care and did not properly defend against a Motion for Summary Judgment filed by his former employer although the record shows that an opposition to the motion was filed by his attorney. R. Doc. 3 at 3. *Tijerino*, No. 21-907, R. Doc. 35. Tijerino contends that after losing the case, Miller sent him an invoice for fees and admitted that his secretary mis-calendared the filing deadline which precluded him from filing a motion for reconsideration. *Id.* Tijerino contends that it is because of attorney's communication lapses, failure to address legal arguments, and procedural oversights that he sustained injuries and seeks to have the attorney held to account. *Id*.

## II.     **Standard of Review**

The United States Code states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel in a civil case, however, is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)

(quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1985)). The Sixth Circuit has held that, "[t]he appointment of counsel to civil litigants is a decision left to the sound discretion of the district court" and is a privilege justified only by exceptional circumstances. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). *Lavado*, 992 F.2d at 606 (quoting *Lopez v. Reyes*, 692 F.2d 15, 17 (11th Cir. 1985)).

To determine whether "exceptional circumstances" are present, courts should examine "the type of case and the abilities of the plaintiff to represent himself." *Lavado*, 992 F.2d at 606. (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). This determination involves examining the "complexity of the factual and legal issues involved." *Id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

When a complainant requests appointment of counsel under Title VII, the Court must consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. See *Blackman v. Global Industries Offshore, L.L.C.*, 228 Fed. Appx. 410 (5th Cir. 2007) (citations omitted).

**III.   Analysis**

   **A.  Financial ability to retain counsel and efforts to retain counsel.**

Tijerino alleges that legal counsel should be afforded because he lost his employment which ruined his credit score and opportunity for future employment in his field. R. Doc. 44 at 1. He alleges although he tried to retain counsel, he has not been successful.[2] *Id.* He contends that for the firms who returned his call and to whom he described the nature of his case and need for legal representation, he never heard back from them. *Id.* He states that after being referred by the

---

[2] Tijerino alleges that he tried to contact Kenneth L. Tolar but did not receive a call back. R. Doc. 44 at 1. He also alleges that he reached out to Bruno & Bruno, Womac Law Firm, the Rue Law Firm, and the Business Law Group, among other firms. *Id*. at 1-2.

Louisiana State Bar Association to its Information Line, other firms either said that they only handle personal injury claims or that they do not have enough time to handle his legal malpractice dispute. R. Doc. 50 at 2-3.

While Tijerino describes the efforts he took to locate counsel, there is no evidence presented of his financial inability to pay. R. Doc. 44 at 1. He indicates that his credit score has been ruined but presented no proof. *Id.* He contends that his opportunity to obtain future work in tech has been ruined, but again provides no information indicating whether he is currently employed, the capacity in which he works, and whether it is tech or some other field. *Id*. This factor weighs against granting Tijerino's request for the appointment of counsel.

### B.  Complexity of the Claim

Tijerino also contends that the case is complex because of the underlying FMLA action that was dismissed, which he contends was due to his attorney's misconduct and negligence by not defending him on a motion for summary judgment that resulted in harm. R. Doc. 44 at 2-5. He further contends that his legal malpractice claim against Miller stems from "card misuse allegations." *Id.* at 3. Tijerino contends that because his FMLA claim involves card use, consumer law applies because of a merchant dispute. *Id*.

Tijerino also contends that his attorney should have defended him against the Summary Judgment. He claims that his case has merit because the evidence presented showed that his employer retaliated, violated FMLA and that his lawyer committed malpractice.

Contrary to the assertion of Tijerino, this case is not complex. According to the Court's Order and Reasons on the motion for summary judgment, Tijerino alleged that his employer had failed to provide him with notice of his FMLA rights on January 14, 2019. R. Doc. 40 at 3-4. However, that action was filed on May 6, 2021, and FMLA has a two-year limitations period from

the last event constituting an alleged violation to file. *Id.* The Court found that Tijerino's filing exceeded that time and was therefore time-barred. *Id*.

According to Tijerino, he hired Miller on July 10, 2020, after previously hiring another attorney. R. Doc. 3 at 8. If that this allegation is true, then determining when Miller should have pursued the claim and filed suit is not a complex matter. This factor weighs against the appoint of counsel for Tijerino.

### C. Likelihood of success on the claim

Tijerino contends that his claim has merit because of the "preponderance of the evidence presented" by his former employer's alleged retaliation and FMLA violations and Miller's alleged malpractice. R. Doc. 44 at 5. He further contends that the evidence of Miller's malpractice is evident because he did not defend against the summary judgment filed by his former employer. *Id*.

An action for legal malpractice is governed by La. R.S. 9:5605. It provides, in pertinent part:

> "A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred ... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended."

La. R.S. 9:5605.

According to the record, Tijerino filed this suit on December 27, 2023, and his case was previously dismissed by the court on December 6, 2022. R. Doc. 3. *Tijerino*, No. 21-907, R. Doc. 41. Because the Louisiana has a one-year statute of limitations and Tijerino filed this action one year and twenty-one days after the alleged omission, this claim is frivolous and likely prescribed.

### D. Ability to Represent Himself

Tijerino contends that he does not have the ability to represent himself. R. Doc. 44 at 5. He contends that he does not have the knowledge or skill to do so and that he has difficulty understanding legal procedures. *Id.* Tijerino also contends that without legal representation for his malpractice case he will be prejudiced because he does not have the ability to do so. *Id.*

However, the Court disagrees. Tijerino filed a nine-page Complaint against Miller. R. Doc. 3. He also filed the subject motion addressing each and every factor the Court is required to consider in assessing the appropriateness of appointing counsel. See R. Doc. 44. Further he has filed other lawsuits in this court. This factor weighs against Tijerino's request for the appointment of counsel.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Appointment of Counsel (R. Doc. 44)** is **DENIED.**

New Orleans, Louisiana, this 6th day of March 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**