UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL TIJERINO                                    CIVIL ACTION

VERSUS                                             NO. 23-7391

GREGORY J. MILLER, *et al.*                        SECTION M (4)

## ORDER & REASONS

Before the Court is a motion to alter or amend judgment filed by plaintiff Manuel Tijerino.[1]
Defendants Gregory Miller and Gregory J. Miller, Attorney at Law, L.L.C (together, "Miller"),
respond in opposition,[2] and Tijerino replies in further support of his motion.[3]  Having considered
the parties' memoranda, the record, and the applicable law, the Court denies the motion.

## I.    BACKGROUND

This legal-malpractice case arises out of Miller's representation of Tijerino in an
unsuccessful suit against his former employer, Administrators of the Tulane Educational Fund
("Tulane").[4]  In January 2019, while working for Tulane as a programmer, Tijerino requested to
work remotely part-time so that he could travel every week to help his pregnant wife who was
living in Iowa.[5]  He was approved to work remotely on certain pre-approved Thursdays and
Fridays.[6]  In February of 2019, Tijerino used his Tulane-issued travel and entertainment card
("T&E Card")[7] to rent a U-Haul trailer for personal use.[8]  When Tulane reported the $919.91

---

[1] R. Doc. 68.
[2] R. Doc. 69.
[3] R. Doc. 71.
[4] *Tijerino v. Administrators of the Tulane Educational Fund*, No. 21-907 (E.D. La.), R. Doc. 1.
[5] E.D. La. No. 21-907, R. Docs. 28-1 at 3; 35 at 2; 40 at 1.
[6] E.D. La. No. 21-907, R. Docs. 28-1 at 3; 35 at 2; 40 at 2.
[7] T&E Cards are "issued to employees to charge certain work-related travel and entertainment expenses
directly to Tulane," and are not permitted to be used for personal expenses.  E.D. La. No. 21-907, R. Doc. 28-1 at 4.
[8] *Id.*; E.D. La. No. 21-907, R. Docs. 35 at 5-6; 40 at 5.

charge as fraud, the card issuer, J.P. Morgan, credited $919.91 back to the T&E Card.[9]  Tijerino also disputed the charge with U-Haul, which issued a refund for the same amount, resulting in a positive balance of $919.91 on the T&E Card.[10]  Upon learning that U-Haul had refunded the charge, J.P. Morgan withdrew its own $919.91 credit.[11]  Tijerino, believing he was entitled to retain the $919.91 balance under federal consumer protection laws, continued to use the T&E Card "like a gift card" on personal expenses totaling $840.41,[12] and refused to reimburse Tulane for those charges.[13]  On April 30, 2019, Tijerino failed to report to work and sent his supervisor an email explaining that he was moving to Iowa, where he planned to work remotely full-time, so that he could help his wife.[14]  However, Tijerino had not taken April 30 off or obtained permission to work remotely full-time.[15]

On May, 6, 2021, Tijerino filed a lawsuit against Tulane, asserting that it failed to notify him of his rights under the Family and Medical Leave Act ("FMLA") when he told his supervisor that his wife was pregnant in January of 2019 and retaliated against him for trying to exercise his FMLA rights by terminating him for failing to report to work.[16]  The district court granted summary judgment in Tulane's favor on December 5, 2022, holding that Tijerino's FMLA-notice claims were time-barred, he could not establish a *prima facie* case of retaliation because he never attempted to use FMLA leave – he only requested to work remotely, which is not protected under the FMLA – and, even if he could establish a *prima facie* case of retaliation, he could not show that Tulane's legitimate, nondiscriminatory reasons for terminating him (violation of the T&E

---

[9] E.D. La. No. 21-907, R. Docs. 28-1 at 4; 40 at 5.
[10] E.D. La. No. 21-907, R. Docs. 28-1 at 4; 35 at 6; 40 at 5-6.
[11] E.D. La. No. 21-907, R. Docs. 28-1 at 4; 35 at 6; 40 at 6.
[12] E.D. La. No. 21-907, R. Docs. 28-1 at 4-5; 35 at 6; 40 at 6.
[13] E.D. La. No. 21-907, R. Docs. 28-1 at 5; 28-2 at 105; 40 at 6.
[14] E.D. La. No. 21-907, R. Doc. 28-2 at 108.
[15] E.D. La. No. 21-907, R. Doc. 40 at 7.
[16] E.D. La. No. 21-907, R. Doc. 1.

Card policy and failure to report to work without requesting leave) were pretextual.[17]  The court entered judgment dismissing Tijerino's claims against Tulane on December 6, 2022.[18]

That same day, Miller informed Tijerino that summary judgment was granted and his claims were dismissed, but that he had "a couple of options," presumably including a motion to alter or amend judgment under Federal Rule of Civil Procedure 59.[19]  Thereafter, Tijerino paid Miller a retainer to draft a Rule 59 motion, which Miller indicated he would work on after the holidays.[20]  However, due to a calendaring error, Miller failed to file a Rule 59 motion within 28 days of entry of the court's judgment.  He admitted this mistake to Tijerino on January 31, 2023, and refunded Tijerino's retainer.[21]  On October 30, 2023, Tijerino, appearing *pro se*, filed a "motion for leave to amend complaint pursuant to Rule 60,"[22] which the court interpreted as a motion for relief from final judgment under Rule 60 and denied.[23]  Miller appealed the denial of his Rule 60 motion to the Fifth Circuit,[24] which affirmed the district court's ruling.  *Tijerino v. Adm'rs of Tulane Educ. Fund*, 2024 WL 4039750, at *1 (5th Cir. Sept. 4, 2024).

Tijerino filed the instant suit against Miller on December 23, 2023, asserting claims for legal malpractice, breach of fiduciary duty, and misrepresentation.[25]  Tijerino's complaint alleges that Miller did not conduct adequate discovery, failed to raise certain facts and arguments in the underlying litigation, failed to timely file a response to Tulane's motion for summary judgment and a Rule 59 motion, and charged Tijerino "excessive legal fees" for work that he failed to

---

[17] E.D. La. No. 21-907, R. Doc. 40.
[18] E.D. La. No. 21-907, R. Doc. 41.
[19] R. Doc. 54-3.
[20] R. Doc. 3 at 3.
[21] R. Docs. 3-1; 54-4; 54-5.
[22] E.D. La. No. 21-907, R. Doc. 44.
[23] E.D. La. No. 21-907, R. Doc. 47.
[24] E.D. La. No. 21-907, R. Doc. 48.
[25] R. Doc. 3.

perform.[26]  Miller moved for summary judgment on all of Tijerino's claims.[27]  On April 14, 2025, the Court granted summary judgment in Miller's favor, holding that "the only allegation [in Tijerino's complaint] that is not time-barred is Miller's failure to timely file a Rule 59 motion"[28] and, "[b]ecause Tijerino … failed to assert a legitimate basis for a Rule 59 motion, he has not raised an issue of material fact tending to show that a Rule 59 motion would have changed the outcome of the [prior] litigation."[29]  The Court entered final judgment dismissing Tijerino's malpractice claims the same day.[30]  Tijerino now moves to alter or amend the Court's April 14 judgment.[31]

## II.    PENDING MOTION

In his motion to alter or amend the Court's judgment, Tijerino argues that summary judgment was inappropriate because "genuine disputes of material fact exist" as to Tulane's purported reasons for terminating him in the underlying FMLA case, including "[w]hether Tulane's justification for [his] termination was pretextual" and "[w]hether [his] use of a corporate card refund constituted misconduct," and whether "Miller's failure to file a Rule 59 motion and raise applicable law constituted malpractice."[32]  He also contends that "all defenses raised by Tulane and Miller [in the underlying FMLA case] … are legally frivolous and should be disregarded."[33]  He next asserts that Miller's "missing the [Rule] 59 deadline … is a clear act of legal malpractice," and that the remainder of his malpractice allegations were raised timely

---

[26] *Id.*
[27] R. Doc. 54.
[28] R. Doc. 66 at 12.
[29] *Id.* at 16.  The Court also denied Tijerino's request to defer consideration of the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) (R. Doc. 57) because he failed to demonstrate that the requested discovery would have raised a genuine issue of material fact tending to show that a Rule 59 motion, if filed, would have altered the outcome of the underlying case.  R. Doc. 66 at 16-17.
[30] R. Doc. 67.
[31] R. Doc. 68.
[32] *Id.* at 1-2 (quote at 1) (emphasis omitted).
[33] *Id.* at 2-9 (quote at 8) (emphasis omitted).

because he "only discovered Miller's full negligence after becoming pro se, meaning the statute of limitations is tolled under Louisiana law."[34]

In his opposition, Miller argues that Tijerino's motion should be denied because it "wholly fails to meet [Rule 59(e)'s] rigorous standards."[35]

In reply, Tijerino argues that Miller's opposition "ignores the central issue in this case: that while serving as [Tijerino's] attorney in the *Tulane* litigation, [Miller] failed to file a timely Rule 59(e) motion following the entry of summary judgment."[36]  Instead of addressing his malpractice claims, says Tijerino, Miller "merely recites generic standards [for relief under Rule 59(e)] and accuses [him] of 'rehashing' arguments [that he] never had the opportunity to raise … because [Miller] failed to file the required motion."[37]  He then argues that the Rule 60 motion he filed *pro se* in the underlying FMLA litigation "was denied – not because the allegations lacked merit, but because the court found they should have been raised under Rule 59(e)," which he says was "a direct result of [Miller's] legal malpractice and … precisely the type of injustice Rule 59(e) is designed to correct."[38]  Tijerino then argues that the Court should grant his Rule 59(e) motion because "[m]anifest injustice occurred when [he] was barred from obtaining Rule 59(e) review in the original case," "[t]he evidence and legal arguments presented in this case were never heard on the merits[] due to [Miller]'s omission," and "[d]enying relief now would entrench the very error [Tijerino] was trying to cure."[39]  He then asserts that his petition for writ of certiorari in the underlying FMLA case was docketed by the Supreme Court on April 23, 2025, thereby "confirm[ing] that [his] claims have sufficient legal merit for further review" and "prov[ing] that

---

[34] *Id.* at 8-10 (quotes at 8, 9) (emphasis omitted).
[35] R. Doc. 69 at 1.
[36] R. Doc. 71 at 1 (emphasis omitted).
[37] *Id.* (emphasis omitted).
[38] *Id.* at 2 (emphasis omitted).
[39] *Id.* (emphasis omitted).

[Miller]'s failure to preserve those claims through a Rule 59(e) motion materially prejudiced [Tijerino]'s legal position."[40]  Finally, Tijerino argues that Miller's assertion that he is "'rehashing' old arguments is factually incorrect" because "[t]he arguments and evidence now before this Court were never presented in the *Tulane* case, precisely because [Miller] failed to file a Rule 59(e) motion."[41]

## III.    LAW & ANALYSIS

### A.  Rule 59(e) Motion to Alter or Amend Judgment

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  Under the rule, a movant must show that relief is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to address an intervening change in the controlling law.  *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements*, 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) ("A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.").  In deciding the outcome of a Rule 59(e) motion, the court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the

---

[40] *Id.* at 2-3 (quote at 3).
[41] *Id.* (emphasis omitted).

6

facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). And while a district court has considerable discretion to grant or deny a Rule 59(e) motion, the grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

In his Rule 59 motion here, Tijerino fails to assert any of the bases warranting relief under Rule 59(e). He does not contend that the Court's judgment was based on a manifest error of law or fact, that new evidence has surfaced, or that the applicable law has changed. *See Diaz-Santiago*, 674 F.3d at 32. He only invokes the "manifest injustice" basis in his reply.[42] Few cases discuss the manifest injustice standard. *Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 2017 WL 3582385, at *5 (E.D. La. Aug. 18, 2017). And while "[t]here is no general definition of manifest injustice," *Bender Square Partners v. Factory Mut. Ins. Co.*, 2012 WL 1952265, at *4 (S.D. Tex. May 30, 2012), it is clear that "[e]stablishing a manifest injustice is a high hurdle; 'a showing of such requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *In re Trevino*, 633 B.R. 485, 507 (Bankr. S.D. Tex. 2021) (footnotes and alteration omitted) (quoting *Bender Square Partners*, 2012 WL 1952265, at *4). Courts evaluate manifest injustice on a case-by-case basis. *Bender Square Partners*, 2012 WL 1952265, at *4. "'A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable. In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.'" *Id.* (alteration omitted) (quoting *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012)).

---

[42] R. Doc. 71 at 2.

7

As an initial matter, the Court need not consider Tijerino's manifest-injustice argument, as it was raised for the first time in his reply brief. *Farwell v. Rushing*, 2024 WL 4708917, at *1 (5th Cir. Nov. 7, 2024). In any event, the argument falls flat. Tijerino argues that "[m]anifest injustice occurred when [he] was barred from obtaining Rule 59(e) review *in the original case*."[43] To be entitled to relief under Rule 59(e), Tijerino must show that allowing this Court's April 14 summary judgment to stand would result in manifest injustice, not that the events giving rise to his malpractice claim were unjust.[44] *See Hanover Ins. Co.*, 2017 WL 3582385, at *6 ("A showing of manifest injustice requires that there exist a fundamental flaw *in the court's decision*." (emphasis added)). Tijerino does not explain what manifest injustice results from this Court's April 14 judgment, nor does he identify any "fundamental flaw in the court's decision," *Bender Square Partners*, 2012 WL 1952265, at *4, much less an "error [so] apparent to the point of being indisputable" or "so patently unfair and tainted that [it] is manifestly clear to all who view it." *In re Roemmele*, 466 B.R. at 712. He only asserts that "genuine disputes of material fact exist,"[45] making arguments that he already raised or could have raised in opposition to Miller's motion for summary judgment.[46] As this Court previously explained,[47] a Rule 59 motion is not the proper vehicle to reprise such arguments. Rule 59 motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment,"

---

[43] *Id.* (original emphasis omitted; emphasis added).

[44] Tijerino asserts that the Rule 60 motion he filed *pro se* in the FMLA case (what Tijerino refers to as the *Tulane* case) was denied "not because the allegations lacked merit, but because the court found they should have been raised under Rule 59(e)," and that this "procedural foreclosure" of the claims asserted in that case was "a direct result of [Miller's] legal malpractice, and … is precisely the type of injustice Rule 59(e) is designed to correct." *Id.* Though the court in the FMLA case noted that Tijerino "did not timely file a [m]otion for [r]econsideration under Rule 59," E.D. La. No. 21-907, R. Doc. 47 at 2, it did not hold that the arguments raised in Tijerino's Rule 60 motion "should have been raised under Rule 59(e)," as Tijerino claims. Instead, the *Tulane* court denied the motion because "neither of the … reasons [asserted in the motion] justify relief under Rule 60(b)." *Id.* at 3.

[45] R. Doc. 68 at 1 (emphasis omitted).

[46] *Compare id.* at 2-10, *with* R. Doc. 61 at 2-5.

[47] R. Doc. 66 at 15.

*Exxon Shipping Co.*, 554 U.S. at 485 n.5 (quotation omitted), or to raise "matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d at 816. Thus, because Tijerino has not come close to meeting the "high hurdle" of demonstrating manifest injustice, *Bender Square Partners*, 2012 WL 1952265, at *4, his Rule 59 motion to alter or amend the Court's April 14 judgment is denied.

### B. Rule 60(b) Motion for Relief from Judgment

Though his motion is titled as a "Rule 59(e) motion to alter or amend judgment," Tijerino alternatively asks the Court to "[r]eopen the case for adjudication on the merits."[48] "Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Those limited circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable. Even then, 'extraordinary circumstances' must justify reopening." *Kemp*, 596 U.S. at 533 (internal citation omitted) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.

---

[48] R. Doc. 68 at 10.

847, 863 n.11, 864 (1988)).  To that end, Rule 60(b)(6) "'requires a showing of "manifest injustice" and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.'"  *Rivera v. Garza*, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)).  "'The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.'"  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (alteration omitted) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996)).

Tijerino does not assert any of the bases for reopening a case listed in Rules 60(b)(1) through (b)(5).  And relief under Rule 60(b)(6)'s catchall provision, like Rule 59(e), requires a showing of "manifest injustice."  Tijerino makes no such showing.  Therefore, for the same reasons Tijerino's Rule 59 motion to alter or amend judgment fails, so does his Rule 60 motion to reopen the case.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Tijerino's motion to alter or amend judgment (R. Doc. 68) is DENIED.

New Orleans, Louisiana, this 15th day of May, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE